UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY SULLIVAN,<br><br>　　　　Petitioner<br><br>　　　v.<br><br>JEFF MACOMBER,<br><br>　　　　Respondent. | Case No. CV 14-8605-AG (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition") and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), and Petitioner's Objections to the Report. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

In his Objections, Petitioner has made a new assertion and attached various documents, some of which are a part of the state record previously lodged in this case and some of which were not previously presented in this action or in connection with the issues addressed by the Report. A district court has discretion, but is not required, to consider evidence or arguments presented for the first time in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744-

45 (9th Cir. 2002); *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court has exercised its discretion to consider this new assertion and new evidence, but concludes that they do not affect or alter the analysis and conclusions set forth in the Report.

In particular, at the outset of the Objections, Petitioner discusses what is commonly referred to as the "miscarriage of justice" or "actual innocence" exception to the federal procedural default doctrine, and he conclusorily asserts that he is "actually innocent." Given that none of Petitioner's claims were found to be procedurally defaulted, this discussion does not affect the Report or its analysis. To the extent that this brief discussion is an attempt to raise a new, freestanding claim of actual innocence, there is no evidence that Petitioner has exhausted any such additional claim. In any event, his discussion is inadequate to state a viable claim, and the Court exercises its discretion not to address any such putative new actual innocence claim further.

None of the documents appended to the Objections alters or affects the analysis or conclusions set forth in the Report. The Magistrate Judge already considered those that were a part of the state record, and the newly-proffered documents have no probative value for purposes of her analysis of the Petition's claims.

Petitioner also argues the asserted merits of Grounds Two and Four of the Petition and complains that he should have received an evidentiary hearing on these claims. He ignores, however, that the Report found these claims are barred by the doctrine of *Tollett v. Henderson*, 411 U.S. 258 (1973). Petitioner's Objections set forth no basis for rejecting the Report's findings regarding the *Tollett* bar and, given that bar, it would have been improper (as well as purposeless) to hold an evidentiary hearing on them

Finally, the remainder of the Objections are devoted to Petitioner's complaint that he should have received an evidentiary hearing on the three claims resolved on their merits, *i.e.,* Grounds One, Three, and Five. The Report concluded that the

requirements of 28 U.S.C. § 2254(d) are not satisfied as to any of these claims. As a result, an evidentiary hearing on the three claims is foreclosed, and there is no error in not holding one. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 (9th Cir. 2013) (when a state court has denied claims on their merits, *Pinholster* precludes "further factual development of these claims" through an evidentiary hearing to determine whether Section 2254(d) is satisfied).

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, **IT IS ORDERED** that: (1) the Petition is DENIED; and (2) Judgment shall be entered dismissing this action with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATE: _October 30, 2016__            _____
                                     ANDREW J. GUILFORD
                                     UNITED STATES DISTRICT JUDGE